UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Tyler Brown**, an individual,

    Plaintiff,

v.

**Sound Productions Entertainment Inc.**, a Domestic Profit Corporation, and
**James Robert Paetschow**, Individually,

    Defendants.

_____/

Case No.: 2:25-cv-12254

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tyler Brown ("Plaintiff"), files this Complaint and Demand for Jury Trial against Defendants, Sound Productions Entertainment, Inc. ("SPE") and James Robert Paetschow ("Paetschow") (collectively "Defendants"), pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Improved Workforce Opportunity Wage Act, MCL 408.931 *et seq*. ("IWOWA"), and states:

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general wellbeing of workers." 29 U.S.C. § 202(a). As such, the FLSA requires

employers to pay overtime for a covered employer whose employees work in excess of 40 hours per workweek. 29 § U.S.C. 207(a). Additionally, § 215(a)(3) of the FLSA prohibits an employer from discriminating against an employee for asserting rights protected by the FLSA. *McDaniel v. Transcender, LLC*, 119 F. App'x 774, 779 (6th Cir. 2005).

2. In 2024, Plaintiff raised the issue that Defendants were not properly compensating him despite him working more than forty (40) hours in a workweek, but Defendants remained unwilling to properly compensate Plaintiff under the FLSA. Defendants then suspended Plaintiff without pay for contacting wage and hour authorities. The suspension amounted to a termination as Defendants never recalled Plaintiff to work. Defendants also withheld Plaintiff's last paycheck for good measure. Defendants then represented to wage and hour that they called Plaintiff back to work on numerous occasions. In reality, Defendants never contacted Plaintiff back to work, which is why Plaintiff continued his request for a written statement regarding his ongoing suspension only a few days earlier.

3. Pursuant to 29 U.S.C. §§ 206, 216(b) and 205(a)(3), Plaintiff brings this action to recover the unpaid wages owed to him and all other damages owed to him as a result of his retaliatory termination.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to

the FLSA to recover unpaid worktime and overtime, an additional equal amount as liquidated damages, compensatory damages, and reasonable attorneys' fees and costs.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has jurisdiction over the Michigan Minimum Wage and Violation of Public Policy claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's the Michigan Minimum Wage and Violation of Public Policy claims.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Plaintiff resides in this district and all, or at least a substantial part of the events giving rise to Plaintiff's claims, occurred in this district.

## PARTIES

8. At all relevant times, Plaintiff was, and continues to be, a resident within the jurisdiction of the Eastern District of Michigan.

9. SPE is a Michigan profit corporation, with its registered office located at 1601 E. Maple Road, Clare, MI 48617.

10. Upon information and belief, Paetschow is an individual resident of the State of Michigan and is SPE's owner.

11. Upon information and belief, Defendants' business operations are

located in this district, and they regularly conduct business in this district.

12. At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Defendants, were, and continue to be, the "employer" within the meaning of the FLSA.

14. Defendants regularly held and/or exercised authority to:

    a. hire and fire employees of SPE;

    b. determine the SPE employees' work schedules; and

    c. control the finances and operations of SPE.

15. Defendants are a single employer and/or integrated enterprise and/or joint employer for purposes of the FLSA by performing related duties.

16. Defendants are a single employer and/or integrated enterprise and/or joint employer for purposes of the FLSA by exercising unified operation or common control over Plaintiff.

17. Defendants are a single employer and/or integrated enterprise and/or joint employer for FLSA purposes by operating for a common business purpose.

18. Defendants are a single employer and/or integrated enterprise and/or joint employer for purposes of the FLSA because Defendants shared interrelation of operations, which include common offices, record keeping, telephone numbers,

human resources department, payroll systems, accounting personnel, insurance providers, employees, and equipment.

19. Defendants are a single employer and/or integrated enterprise and/or joint employer for FLSA purposes because Defendants maintain centralized control of labor relations and personnel.

20. Paetschow is an employer as defined under the FLSA in that he acted, directly or indirectly, in the interests of the SPE towards Plaintiff.

21. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

22. At all relevant times, each Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

23. At all relevant times, Defendants "engaged in commerce" and were subject to individual coverage of the FLSA by virtue of their regular and recurrent processing of credit card transactions with out-of-state banks, vendors, and credit card companies.

24. At all relevant times, Defendants were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

25. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendants.

26. Upon information and belief, the annual gross revenue of Defendants

was in excess of $500,000.00 per annum during the relevant time.

27. At all relevant times, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as sound equipment, laptops, cables, and more, which were used directly in furtherance of Defendants' commercial activity of providing sound services.

## STATEMENT OF FACTS

28. Plaintiff began working for Defendants on July 17, 2022 as an hourly employee.

29. In 2024, Plaintiff raised the issue that Defendants were not properly compensating him despite him working more than forty (40) hours in a workweek.

30. Defendants also deducted hours worked to keep Plaintiff outside the bounds of forty (40) hours in a workweek.

31. Thereafter, Defendants made no changes to properly compensate Plaintiff under the FLSA.

32. On or around November 6, 2024, the Division launched an investigation, contacting Defendants regarding Plaintiff's claim of unpaid overtime.

33. On November 13, 2024, Plaintiff was locked out of his work email.

34. Later that day, Plaintiff's manager, Jon Thomas ("Thomas") contacted Plaintiff, telling Plaintiff that SPE's owner, Paetschow, suspended Plaintiff without

pay due to the Division's investigation.

35. On November 14, 2025, Paetschow told Plaintiff, Defendants suspended Plaintiff without pay because of the Division's investigation, per the advice of their counsel.

36. The suspension amounted to a termination as Defendants never recalled Plaintiff to work.

37. On January 21, 2025, Defendants represented to the Division that Plaintiff was recalled to work multiple times. **Exhibit 1 – Letter**.

38. However, just days earlier Plaintiff contacted Thomas about a written statement regarding his ongoing suspension. **Exhibit 2 – Thomas Text Log**.

39. Defendants did not pay Plaintiff his last paycheck.

## COUNT I: VIOLATION OF OVERTIME COMPENSATION UNDER THE FLSA

40. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

41. Plaintiff worked in excess of forty (40) hours in many workweeks.

42. Plaintiff is entitled to be paid at a rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the

statutory rate of one and one-half times Plaintiff's regular rate of pay for her hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was due to Plaintiff.

45. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

46. Plaintiff are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. § 201 *et. seq*., that the acts and practices complained of herein are in willful violation of the overtime wage provisions of the FLSA.

    b. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

    c. Awarding Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per workweek;

    d.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    e.    Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to the aforementioned law;

    f.    Awarding Plaintiff pre-judgment interest; and

    g.    Ordering any other further relief this Court deems just and proper.

## COUNT II: RETALIATION IN VIOLATION OF § 215(a)(3)

47. Plaintiff re-alleges and incorporates paragraphs 1-46 of the Complaint as if fully set forth herein.

48. Plaintiff complained to her Defendants about its unlawful failure to pay required overtime premiums.

49. Plaintiff filed an agency complaint for his unpaid overtime premiums.

50. Plaintiff's acts opposing Defendants' failure to properly pay overtime premiums was known to Defendants.

51. As a result of Plaintiff's protected activity, Defendants suspended him without pay indefinitely, i.e., terminated him, and withheld his last paycheck.

52. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages, including lost wages and emotional distress.

Wherefore, Plaintiff respectfully requests that judgment be entered in his

favor against Defendant and awarding Plaintiff his full compensatory damages, attorney fees and costs, and any other further relief this Court deems just and proper.

### COUNT III: VIOLATION OF MINIMUM WAGE REQUIREMENT UNDER THE FLSA

53. Plaintiff incorporates paragraphs 1-52 as if fully set forth herein.

54. Defendants' act of not paying Plaintiff his last paycheck violates the minimum wage requirement of the FLSA. See 29. U.S.C. § 206.

55. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

Wherefore, Plaintiff respectfully requests that judgment be entered in his favor against Defendant and award damages in an amount equal to the relevant federal Minimum Wage, an equal amount as liquidated damages, and reasonable attorney fees and costs, and any other further relief this Court deems just and proper.

### COUNT IV: FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF IWOWA (M.C.L. § 408.931)

56. Plaintiff incorporates paragraphs 1 – 55 as if fully set forth herein.

57. The IWOWA requires an employer to pay nonexempt employees at least the state minimum wage for all hours worked.

58. In refusing to pay Plaintiff his last paycheck, Defendants failed to pay the required minimum wages to Plaintiff, a nonexempt employee.

10

59. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

Wherefore, Plaintiff respectfully requests that judgment be entered in his favor against Defendant and award damages in an amount equal to the relevant Michigan Minimum Wage, an equal amount as liquidated damages, and reasonable attorney fees and costs, and any other further relief this Court deems just and proper.

## COUNT V: TERMINATION IN VIOLATION OF PUBLIC POLICY

60. Plaintiff incorporates paragraphs 1-59 as if fully set forth herein.

61. Plaintiff complained to her Defendants about its unlawful failure to pay required overtime premiums.

62. Plaintiff filed an agency complaint for his unpaid overtime premiums.

63. Plaintiff's acts opposing Defendants' failure to properly pay overtime premiums was known to Defendants.

64. As a result of Plaintiff's protected activity, Defendants suspended him without pay indefinitely, i.e., terminated him, and withheld his last paycheck.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages, including lost wages and emotional distress.

Wherefore, Plaintiff respectfully requests that judgment be entered in his favor against Defendant and awarding Plaintiff his full compensatory damages,

attorney fees and costs, and any other further relief this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: July 24, 2025

Respectfully submitted,

Ertis Tereziu (P84911)
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield, Michigan 48075
Telephone: (248) 739-1953
Facsimile: (248) 739-1978
Email:etereziu@forthepeople.com